# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | Case No. 1:20-cv-01405-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| BARRIOS, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | |
| | (ECF No. 12) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

**I.     Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion for a preliminary injunction or restraining order, filed December 9, 2020. (ECF No. 12.) In his motion, Plaintiff states that for the past three weeks "I've been either choked, pushed, punch, threaten, denied food, showers, receiving ripped mail, photos torn, the few times I have left cell it has been destroyed." (Id. (unedited text).) Plaintiff states that he has been filing complaints with no response, and he has been telling psych techs, doctors, counselors, and still no help. Plaintiff states that his only recourse is now

the Court as CDCR 602's are being destroyed and they are refusing to process legal mail. Plaintiff claims that these incidents are being done by Defendants Rodriguez and Barrios, who are making threats, lying about Plaintiff's charges that could get him killed, and physically assaulting him. Plaintiff alleges that Defendant Barrios admitted that the reason for the adverse actions is because he was told that Plaintiff was suing him. Plaintiff prays that the Court ensures his safety, as he has not been allowed to go on suicide watch even after he tried to kill himself twice because of their actions. (Id.)

## II.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

### III.   Discussion

Here, Plaintiff's motion does not demonstrate that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.  Although Plaintiff has set forth serious allegations regarding the actions of defendants named in this lawsuit, it is unclear what relief Plaintiff is actually seeking, aside from a request that the Court "ensure [his] safety."  With no particular relief requested, the Court further finds that Plaintiff has not demonstrated that any relief sought is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  See 18 U.S.C. § 3626(a)(1)(A).

Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007).  In this case, although the Court has screened Plaintiff's complaint and found that it states some cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance.  At this juncture, the Court lacks personal jurisdiction over any defendant, or any third party that might be subject to an injunction, and it cannot issue an order requiring any other party to take any action.  Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138−39.

### IV.   Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 12), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 11, 2020**             /s/ *Barbara A. McAuliffe*         
                                    UNITED STATES MAGISTRATE JUDGE