# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | Case No. 1:20-cv-1405-NONE-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| J. BARRIOS, *et al.*, | (ECF No. 15.) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 2, 2020, was screened, and Plaintiff was granted leave to amend or to notify the Court of willingness to proceed on cognizable claims. Plaintiff's first amended complaint, filed on December 15, 2020, is currently before the Court for screening. (ECF No. 15.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.  Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Corcoran, California ("Corcoran").  The events in the complaint are alleged to have occurred at Corcoran..  Plaintiff names the following defendants: (1) J. Barrios, Lieutenant, (2) K. Lopez-Maldonado, Officer, (3) A. Duran Sergeant,  (4) B. Lee, Sergeant, (5) P. Rodriguez, Sergeant, (6)  J. Jones, Officer, (7) Holland, Sergeant, (8) J. Hurd, Officer, (9) A. Gomez, Officer, (10) C. Amezcua, Officer, (11) I. Rodriguez, Officer, (12) D. Woodward, Sergeant and (13) four John Does, Officers.

On June 20, 2020, J. Barrios battered Plaintiff by kicking Plaintiff's face while he was non-resistance and in hand and leg irons.  He threatened Plaintiff in his cell and was no longer able to assault staff.  Defendant Barrios started an illegal extraction.  Barrios and Woodward kicked his face and head and A. Gomez punched, kicked Plaintiff in his blind spot while Plaintiff was in the wheelchair.  I. Rodriguez with Hurd and Amezcua punched Plaintiff and kicked Plaintiff saying do not assault staff.  P. Rodriguez kicked Plaintiff's penis, then Lopez Maldonado also kicked his penis, then squeezed them until Plaintiff lost his breath.  Barrios stuck a key like

metal in plaintiff's anus.

Plaintiff alleges they all lied in a report to cover up misconduct. They admit to beating Plaintiff up for assaulting one of them. Holland, J. Jones, John Does 1-4 watched but failed to intervene. Plaintiff had been suicidal and was in cuffs when all this happened. He suffered knots all over his head and face.

Plaintiff sues in their official capacities and personal capacities and seeks compensatory and monetary damages.

### III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link Defendants Duran and Lee to any alleged constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Despite be provided the pleading and legal standards, Plaintiff has been unable to cure this deficiency.

///

///

3

### B. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

Liberally construing the allegations in the complaint, Plaintiff states claim for excessive force against J. Barrios, P. Rodriguez, Gomez, I. Rodriguez, Hurd, Amezcua, Lopez-Maldonado and Woodward for kicking and punching Plaintiff while he was in hand cuffs and non-resistant.

#### 2. Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." Schwenk, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Wood, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched

the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." Id. at 1145. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id.; see Palmer v. O'Connor, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.' ").

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant K. Lopez-Maldonado and Barrios for K. Lopez-Maldonado squeezing Plaintiff's penis and for Lt. Barrios sticking a key like metal in Plaintiff's anus.

**C. Failure to Protect**

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v.

Brennan, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate...safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Liberally construing the allegations, Plaintiff states a cognizable claim for failure to protect against Holland, J. Jones, and John Does 1-4 for watching as Plaintiff was being assaulted.

### D.  False Reports/Due Process

Plaintiff also appears to claim Defendants made false claims against him. However, the issuance of a false allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986)).

### E.  Official v. Individual Capacity Claims

Plaintiff names the Defendants in their official and individual capacities. Because plaintiff is seeking only damages, he is informed that the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Department

of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar official capacity suit for prospective relief, Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009). Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989); accord Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Plaintiff's official capacity claims must therefore be dismissed.

### F.  Doe Defendants

The use of John Does in pleading practice is generally disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, Plaintiff does not state a cognizable claim.

///

**IV.   Conclusion and Order**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim for violation of the Eighth Amendment against J. Barrios, P. Rodriguez, A. Gomez, I. Rodriguez, J. Hurd, C. Amezcua, K. Lopez-Maldonado and D. Woodward for excessive force and against J. Barrios and K/ Lopez-Maldonado for alleged sexual assault and states a cognizable claim for violation of the Eight Amendment against Holland, J. Jones, and John Does 1-4 for failing to intervene.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on December 15, 2020, for violation of the Eighth Amendment against J. Barrios, P. Rodriguez, A. Gomez, I. Rodriguez, J. Hurd, C. Amezcua, K. Lopez-Maldonado and D. Woodward for excessive force and against J. Barrios and K. Lopez-Maldonado for alleged sexual assault and for violation of the Eight Amendment against Holland, J. Jones, and John Does 1-4 for failing to intervene;
2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///

8

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 13, 2021**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE